United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MANJIT SANDHU,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendant.

Case No. 26-cv-05780-MMC

**ORDER DISMISSING FIRST AMENDED COMPLAINT**

Before the Court is pro se plaintiff Manjit Sandhu's First Amended Complaint ("FAC"), filed July 1, 2026. The Court, having reviewed the FAC, rules as follows.

On June 12, 2026, plaintiff filed the above-titled action, asserting a single claim under the Administrative Procedure Act and the Mandamus Act, alleging defendant United States Citizenship and Immigration Services ("USCIS") has failed to take action on plaintiff's asylum application within a reasonable time.

By order filed June 23, 2026, the Court granted plaintiff's application to proceed in forma pauperis, and, pursuant to 28 U.S.C. § 1915, dismissed the initial Complaint, finding plaintiff failed to state a claim and affording leave to amend. (See Doc. No. 9.) On July 1, 2026, as noted, plaintiff filed the FAC.

Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must dismiss the complaint if the plaintiff "fails to state a claim on which relief may be granted" or the action is "frivolous and malicious," see 28 U.S.C. § 1915(e)(2)(B). The Court next turns to the question of whether the FAC states a claim on which relief may be granted.

United States District Court
Northern District of California

## DISCUSSION[1]

On October 25, 2025, plaintiff filed an asylum application. (See FAC ¶ 13.) On March 6, 2026, USCIS "issued a Failure to Appear warning" (see id. ¶ 22), stating "[p]laintiff failed to appear for an asylum interview on March 5, 2026" (see id. ¶ 23). Plaintiff "did not knowingly receive a proper asylum interview notice at [p]laintiff's correct address before the scheduled interview date" (see id. ¶ 21), however, in that, "[a]fter filing the asylum application, [p]laintiff changed residence from New Jersey to California" (see id. ¶ 19). After receiving the Failure to Appear warning, "[p]laintiff contacted USCIS multiple times" to reschedule the interview (see id. ¶ 28; see also id. ¶¶ 29-31), but, to date, "[p]laintiff has not received…[a] new asylum interview appointment" (see id. ¶ 32).

By the instant action, Plaintiff seeks an order requiring USCIS "to perform its duty by properly scheduling [p]laintiff's asylum interview and taking action on [p]laintiff's pending asylum application within a reasonable time." (See id. ¶ 36.)

The Administrative Procedure Act provides that an agency, "within a reasonable time,… shall proceed to conclude a matter presented to it," see 5 U.S.C. § 555(b), and that a federal court may "compel agency action…unreasonably delayed," see 5 U.S.C. § 706(1). "The cases in which courts have afforded relief [for unreasonably delayed agency action] have involved delays of years, not months," however. See In re California Power Exchange Corp., 245 F.3d 1110, 1125 (9th Cir. 2001); see also In re Natural Resources Defense Council, Inc., 956 F.3d 1134, 1139 (9th Cir. 2020) (holding "a reasonable time for agency action is typically counted in weeks or months, not years") (internal quotation and citation omitted).

Here, as noted, plaintiff's asylum application was filed on October 25, 2025 (see FAC ¶ 13), and, consequently, has been pending for approximately nine months, a period that falls within the Ninth Circuit's above-discussed reasonableness standard for agency action. Indeed, in evaluating agency delays in acting on immigration applications, district

[1] Unless otherwise stated, the below facts are taken from the FAC.

courts within the Ninth Circuit have held delays of several years are not unreasonable. See, e.g., Siwen Zhang v. Cissna, 2019 WL 3241187, at *5 (C.D. Cal. April 25, 2019) (dismissing unreasonable delay claim where asylum application was pending for "approximately four years"); see also Pichkurova v. Los Angeles Asylum Office, 2025 WL 3763370, at *4 (C.D. Cal. Dec. 23, 2025) (finding delay of "five and a half years" not unreasonable; noting "courts have held that delays of similar lengths…are reasonable").

Moreover, by scheduling an asylum interview for March 5, 2026, USCIS took action on plaintiff's application less than five months after it was filed (see FAC ¶¶ 22, 23), and plaintiff's failure to receive notice of the interview date was due, at least in part, to the inaccuracy of the address plaintiff had on file with USCIS (see id. ¶¶ 19-21).

Given the above circumstances, plaintiff fails to state a claim against USCIS for unreasonable delay in acting on plaintiff's asylum application.

**CONCLUSION**

For the reasons stated, the above-titled action is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: July 24, 2026

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California